The Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. All right, Iraq Middle Market v. Harmoosh. Good morning, Your Honor. May it please the Court, I'm Michelle Douglas, and I represent the Iraq Middle Market Development Foundation, or IMDF, a nonprofit that was granting loans in the aftermath of the war that deposed Saddam Hussein, granting loans in order to provide funds for development of mid-sized businesses in Iraq for economic development. Can you talk up just a little bit or maybe bring the microphone a little closer? Thank you. Certainly. Thank you. I won't go through the facts here. I think they're set out in the pleadings. But to focus on the real issue here is whether or not waiver will require, if there has been a waiver of the right to arbitrate, that will cancel out the court's discretion to refuse to recognize a foreign judgment based on the unarbitration clause. The defense, or Harmoosh is the defendant being sued on the promissory note, and who is the defendant in the judgment, has argued that waiver is a nonissue when it comes to the discretionary bases for nonrecognition under the Foreign Judgment Recognition Act, and that the judge can simply deny recognition because there was an arbitration clause at all. But that's not consistent with the cases. The Courage case in particular is a decision by the Texas Court of Appeals that goes through the statute, which admittedly is not especially clear as to what tests the judge is supposed to consider in determining whether or not to deny recognition. But they looked at this in detail and said that like any other right, the right to arbitrate can be waived. And where there's evidence that it has been waived, it's not a defense that a judgment debtor can raise against recognition of a foreign judgment. Where is the evidence of the waiver? We've presented extensive evidence, Your Honor. In our record, you will find that IMDF submitted a declaration from its Iraqi lawyer, Mr. Dia, a sworn affidavit, or actually it's a declaration, I apologize. He submitted a declaration in which he outlined all of the hearings that occurred during the Iraqi proceedings and the fact that substantive matters were addressed at least two or three of those hearings, and yet they were not, the issue of arbitration was never raised in advance. You know, before you even get to the question of waiver, and I shared Judge Floyd's question, it seemed to me that you agreed to an arbitration clause here which says, all disputes, controversies, and claims between the parties which may arise out of or in connection with disagreement or brief termination or invalidity thereof shall be finally and exclusively settled by arbitration before a panel of three arbitrators in accordance with the rules of the arbitration of the International Chamber of Commerce. And from the get-go, well, it seemed to me, first of all, that this dispute, Mr. Harmouche's default, and your attempt to collect on that, that dispute was within the arbitration clause, was it not? Your Honor, there's actually two documents at issue here. There's a loan agreement and a promissory note. The promissory note did not include an arbitration clause, and the promissory note is what he signed in his personal capacity. Well, what do you do with what I just read you, the settlement of disputes? That was part of the loan agreement between you and Mr. Harmouche, was it not? No, that loan agreement was between MDF and Mr. Harmouche's company, which was partially owned by Mr. Harmouche. And that loan agreement included the arbitration clause. All right, but it was between either Mr. Harmouche or who took out the loan, Mr. Harmouche's company? The company did, yes. And Mr. Harmouche guaranteed it personally. All right, but it was basically between the parties to this case. We actually here are not disputing. That issue was previously litigated. And so in these proceedings, we're not arguing. So the dispute fell within the arbitration clause. We're not disputing that here. That's correct. Well, my problem is that you seem to have agreed to an arbitration as a means of resolving the dispute, and yet from the very get-go, you were intent on litigating. And first of all, you brought a suit in Maryland. You didn't submit the matter to arbitration. You went to Maryland and brought suit in its court. That was dismissed because of the arbitration clause, although there was no motion to compel. And then rather than going to arbitration somewhere in accordance with the arbitration clause, you then initiated a second piece of litigation in Iraq. So at least one question I have is you signed an arbitration clause and you bent over backwards to litigate everything, whether it was in Maryland or whether it was in Iraq. And now you come to us late in the day and say, oh, well, we win because this was waived. And it seems to me that you're setting up a template where people can evade arbitration clauses, which play a very important role in international law, and just go to courts. And if the other party litigates the case, then you come seeking enforcement of the judgment on a waiver theory. And, you know, granted that the waiver question may be somewhat murky. I mean, I read both sides of it. I'm just worried because it just honestly seemed to me from start to finish that you had been on a course of evasion. I don't think it's fair to characterize it as evasion, Your Honor. What we would say is that, yes, you're right. There was an arbitration clause in this original contract. It was issued in the very early days of MDF when it was trying to get money out flowing into the Iraqi economy. It was a bad decision, and I agree with that. What was a bad decision? It was a bad decision to have an arbitration clause. And the reason for that is that— Aren't you stuck with the bad decision? Well, in some cases I would agree with you. However, just let me—the problem is that Iraq is not a party to the New York Convention. So it effectively makes every loan of funds uncollectable if they can't find a jurisdiction where they can litigate the case. Well, let's forget my question about waiver and go to count two to compel arbitration. Isn't your best argument that you're, in fact, collecting on a judgment as opposed to—and the loan agreement is not in play? Well, that argument was made in a first proceeding in Maryland that actually took place initially. In Judge Blakely's case? Exactly, Your Honor. And there was an order issued confirming or determining that. And I'm not sure we entirely agree with that decision, but that is the state of the—that was a valid ruling. Can I ask you a little bit about—in the United States, if you, somebody for some reason or another, didn't assert the arbitration clause and it went to litigation, they could later come upon it and say this should have gone to arbitration. And there are many cases out there on waiver where that exact issue is debated. The key, really, in these cases is how soon was it brought up and how much prejudice did it cause. First of all, I should point out that this—a waiver can only be found where there's a known right. And here there can be no doubt that this was a known right by Mr. Harmouche because he had already litigated. And there might be reasons why you wouldn't. We don't know what the arbitration system is like in Jordan, but there conceivably would be reasons why you would want to go to whatever the judicial system is in Jordan. Exactly. And you're not claiming—what you're claiming is that's what happened here and the Jordanian system found in your favor. And what he's saying is, well, that might be so, but I can't waive arbitration. And so all of our—the only issue, really, in front of us is not was there a waiver because you're going to have to go back and litigate that, but whether, in fact, it's possible to waive the arbitration clause. Well, I think it's clear from the decisions that it is. Admittedly, there's nothing— But isn't that right? I'm just laying the ground. That's the issue before us, whether it is possible to—and on this record, whether there's enough factual dispute that summary judgment should not have been granted. That's exactly our position. No, then that's what's at issue. That's not just your position, right? Yes, that's what's at issue, is whether it's possible, looking at this statute, if the court had discretion to disregard the evidence that we submitted on waiver, simply as a blanket matter, because there was an agreement to arbitrate, I don't have to enforce this—I don't have to recognize, rather, this judgment. But if you look at the case law— It seems to me that if we should follow what—if we should affirm what the district court did, what we would be doing is giving anybody who, in a foreign country, wanting to enforce or engaging in litigation like this, we would be saying you get two bites at the apple, okay? You can go through the ordinary process, and if you lose there, then you can claim it has to be arbitrated. And that's exactly what we believe happens. I mean, if you've gone all the way through, if you've waived arbitration up to date, then you can do it. That doesn't seem right, either. We agree. In this case, there were numerous hearings held. Mr. Harmouche did defend on the merits. He also raised a jurisdictional argument, but there are cases— And he can claim you didn't waive it. I mean, that's still open. But they didn't even submit any evidence on this. Who bears the burden on the waiver question? You bear the burden. You do. I think it's arguable that it's— You bear the burden. The case law that we've cited, the Courage case, actually does go the other way. But I would agree with you that if you treat waiver as an affirmative defense, the burden would shift to us. But our concern here is that they actually did not submit any evidence to overcome the evidence that we provided. How do you bear your burden on that point? We provided a declaration from the attorney who handled the case in Iraq. He went through the date of every hearing, that he had attended every hearing, and that this issue was never raised. He attached to that copies of a summary done by the court of what happened at that hearing. He certainly raised it in the appellate brief. I'm sorry? He raised the arbitration clause in the appellate brief. Yes. After judgment had been issued, he raised it on appeal. And the court doesn't comment on it in the appellate decision, I believe. And the district court judge took that to mean that it's unclear whether or not it was raised. But it was clearly raised on appeal. And just like in an American court, it was disregarded because it wouldn't be—it's too late at that point under the Iraqi code of civil— So you agree that if it was not waived, then the dispute should be in arbitration? If it had not been waived— You're willing to—you want to put all your eggs in that basket? I don't think we have a choice, Your Honor. The fact is there was an arbitration clause— That's the way the case is right now. Exactly. And Judge Blake already ruled that—and this was before my time, but as Judge Motz said, it's my case now. We're bound by Judge Blake's order that the arbitration clause in the first agreement applies to the promissory note. However, when there was— You're not claiming just because he litigated the case that that by itself was sort of a waiver by conduct? I think it is a waiver. I think that he had to raise it under— You mean the fact that he litigated the case? The fact that he litigated the case in Iraq. Because the case was brought in Iraq, and it's not unreasonable to think he might actually want to litigate it there. I should point out that the— He might— That he might be— Well, he might litigate it, then arbitrate it. Exactly. I mean, we don't know. Because he was going to— Suppose he raises the arbitration clause, and then the motion is denied. What choice does he have? But it wasn't— If it had been raised and rejected at that point, we would be looking at a different case. In this case, he didn't raise it, and we believed that he was— How do we know? Because he didn't raise it. And we know he knew of the right because he had already argued it. Do we have a finding to that effect? There is no finding. And that seems to be what— This is a factual issue that has to be determined. Exactly, Your Honor.  But we submitted plenty of evidence. If we look at the evidence right now, you have way more evidence that it was waived. Yes. But you're here on grant of summary judgment against you. And you haven't said that the grant of summary judgment should have been granted for you in any event. It seems to me it's a disputed material fact. We agree. And the judge even acknowledged that in the order that dismissed our case. He acknowledged that looking at these submissions of evidence side-by-side, there's a disputed fact. So what we don't understand is why when we got to discretionary basis for non-recognition, he then said, well, I'm going to find against you, even though he had already acknowledged the existence of a material issue of fact. And you were the non-moving party. We were the non-moving party. We were entitled to inferences. For example, the fact that those summaries of every hearing outlined what defenses were raised, but never mentioned arbitration. The inference from that is that he didn't mention arbitration. But the court made the exact opposite inference. He looked at that and said, well, they could have left some issues out. On summary judgment, however, it's inappropriate to make that inference to the benefit of the moving party rather than the non-moving party. I would also like to just point out that the other cases that focus on this exact issue have all implied or even stated straight out that where there is a waiver, where the court finds waiver, the discretionary basis of non-recognition, they cannot refuse to recognize a foreign judgment where there is evidence of waiver, where they have found a waiver. And that's most particularly in the Montabueno case. And I just want to point out that there are actually two Montabueno decisions. I've actually, I'm about to run out of time, so if I can just finish this one thought. The Montabueno decision, there are two decisions. The trial court, the district court here, relied on the district court opinion in California. But the Ninth Circuit, in that same case, actually addressed the waiver issue. The trial court never addressed the waiver issue because the waiver was never raised before the trial court, only on appeal. The party that was seeking to enforce a foreign judgment brought the issue of waiver up. And at that stage, the Ninth Circuit looked at it and essentially made clear that You're not suggesting we resolve the waiver issue on appeal, are you? No, of course not, Your Honor. All I'm saying is that that court there did look at the waiver issue long enough to say this fails for a lack of evidence because it had not been raised. But they essentially made clear that had it been properly raised, it would be something that would have to be considered before you could apply the discretionary basis for non-recognition. And that's what we're asking for here. It has to be considered at the lower court. It can't just be across the board denied any obligation to, or any, you can't deny a party. What do you say a waiver amounts to in this circumstance? An explicit waiver? I don't think it requires an explicit waiver. In U.S. litigation, in all of the cases in the U.S. on this issue, if it's brought up at some point in litigation before judgment, it's a question of how much prejudice has been caused. In this case, it was never raised before judgment. And there's huge prejudice when you're allowing a party to ignore an arbitration clause, which we know he was aware of, to ignore the arbitration clause. Because they've already litigated it in Maryland. Exactly. So we know he was aware of it, and yet he proceeds in litigation until he finds out the result. And only after he loses on the merits. What does the arbitration clause even mean? Arbitration clause, I agree with you, is a right he has the right to enforce. But we don't have to enforce it for him. If he had an opportunity, and we know from the rules in Iraq that had he raised it at the first hearing, then he definitely would have been enforced. Our case in Iraq would have been thrown out. Had he raised it sometime later than that, but before judgment, we would be standing here arguing entirely about where prejudice kicked in, but where he did not raise it at any time before judgment. There is clear prejudice, because it's allowing him to roll the dice in that case, and only when he gets a case and the result he didn't like. Why lower your version of arbitration in the first place? Why not go to arbitration? There's an arbitration clause. It was a clause that the parties agreed to as a method of resolving their dispute, but you seem to want to circumvent it. The arbitration clause required private arbitration in Jordan. All of the events here happened in Iraq. And Mr. Harmoush, after obtaining the loan, shut down the business in Iraq and moved to Maryland. So they went to Maryland because they obviously needed to find his assets. But you still agreed to it. I understand that, Your Honor, but the people making that agreement did not understand that it costs tens of thousands of dollars to initiate a lawsuit in private arbitration in Jordan. Tens of thousands. And that would apply to the defendant as well, who would have to match the expenses of the arbitrators and so forth. It's incredibly expensive in that part of the world to arbitrate a case. And it is not unreasonable to think that once he was— Then why did they agree to it? Because this was done early on in a new organization. It was not a great suggestion. I agree with you. But I think that they were trying to find a way that it would be enforceable, because Iraq is not a party to the New York Convention, they would not be able to enforce an arbitration award in Iraq against the assets of this company and Mr. Harmoush. Thank you. Thank you. Ms. Patel. May it please the Court. I'm Mukti Patel from Fisher Broils on behalf of the appellees Mr. Harmoush and Javad Harmoush. I would respectively disagree with Judge Motz that the issue is whether arbitration is waivable. I submit that the issue here is not whether it's waivable, but whether simply not meeting the technical requirements of an Iraqi procedure means that my client waived his right to arbitration. I know that may be true, but then that's a question of fact. Just tell me, do you have a case from any court, anywhere, that says an arbitration clause defense to a recognition cannot be waived? No, I submit that it can be waived. All the other way. I disagree that Mr. Harmoush has always acted consistently with the arbitration provision. Ever since IMDEF has tried this litany of litigation against Mr. Harmoush, he has always raised the arbitration provision in the first action in Maryland, which put them on notice that Mr. Harmoush intended to arbitrate this action. So if he raised it in the case that we're talking about now, he's out. It's fine. There's no waiver. But it's an issue of fact whether he raised it. I think the issue is really whether he ever manifested an intent that he would waive that right. If he has already asserted that right, if there is evidence that he asserted that right in the Iraqi court, it is a very high burden for IMDEF to then argue that that right has been waived. And it was correct. That burden was correctly placed on them. He has never. As you can see, it is a question of fact. I think the question of fact is whether the technical requirements of Iraqi procedure were met, and this Iraqi action from initiation to judgment took two months. Two months. From initiation to judgment was two months. You're going to an argument about the merits on the Iraqi procedure. That's fine. Maybe that's what you litigated in Jordan. But that's not an arbitration claim. That's not a contention that the arbitration clause was waived. And I think there might have been a good reason for you to go into regular court. I mean, I don't have any reason to doubt what your colleague has said. It's extremely expensive to arbitrate. But that's what you're claiming now. You lost in that action. And you're also claiming, well, no, it should have been arbitrated. And if you didn't make a claim that you should be in arbitration, if you have, in fact, if some fact finder says that it's waived, your arbitration claim, then you're out of luck. But it's a fact question. I would agree with you if the initial action in the District Court of Maryland, the issue of arbitration had not already been waived. And I would agree with you then, subsequent to that, when they filed in Iraq, a litigation in Iraq, and we presented evidence. I think it is a fact question. In your view, they're looking for more discovery, aren't they? It wouldn't necessarily have to be resolved before a jury. We would have to see what the summary judgment record revealed after additional discovery. But, I mean, there are very few rights that are just absolutely unwaivable. But, you know, my chief interest is in not having the question of waiver resolved on appeal, because I think that records way too little emphasis to the arbitration clause that the parties signed in the first place. And I'm not willing to simply presume a waiver on this record. I'm just not willing to just presume it, because I think that completely negates the value to say, oh, they waived it. It just negates the value of the arbitration clause in the first place. But you have a problem with having this thing remanded and having both sides have the discovery that they want. And maybe the district court, I think, I hate to see this go to a jury trial, because I think that just runs up the expense and further undermines the value of the arbitration clause. But is it your view that this can be resolved if it's a fact issue? Is it your view that further discovery may reveal the absence of a genuine issue of material fact, either in one direction or another? My position is that the issue of fact is not whether Mr. Harmouche intended to be bound by the arbitration agreement. I think the issue of fact that they have alleged and that they've created is whether he technically met the requirements of raising the arbitration issue before the Iraqi courts. I don't think that there is an issue of fact. Right, but I don't think there is an issue of fact as to whether Mr. Harmouche, before the Iraqi courts, attempted to preserve his arbitration rights. And whether that – What do you mean? Do you mean the Jordanian court? It is not. They filed in Iraq, Your Honor, not in Jordan. The arbitration was supposed to be conducted in Jordan. Okay. They filed litigation in Iraq. Okay. And also addressing their point about as to why they have been avoiding arbitration since the beginning. You know, their reason or stated reason for filing the litigation in Iraq is the company that made this loan agreement is in Iraq. But they have never attempted to bring the company into – But Mr. Harmouche didn't determine that. They've never attempted to bring the company into this. The initial Maryland case came along. It was dismissed because of the arbitration clause. It was. But did you – why didn't you make a motion to compel? I'm going to reiterate that I wasn't their counsel at that time, but I understand it's my case now. I think that was a simple oversight is my understanding of why the arbitration wasn't compelled. If you made the motion to compel, wouldn't that have resolved everything? Because it probably would have been granted seeing as the case was dismissed on the grounds that the controversy was arbitrable. I agree that the record for Mr. Harmouche on appeal would be a lot cleaner if they had sought a motion to compel the arbitration in that first Maryland action. But the fact that IMDF then went on to ignore the directive or the decision of that first Maryland action, that this case or these claims are subject to arbitration. Well, one reason why you might not have done a motion to compel is if you weren't interested in any more litigation costs. Right? That could be one reason. And because compelling it would have meant maybe a fight, and you thought that you could prevail in any further litigation against them. Right? It is. I mean, we don't know. We don't know. We don't know. Do you dispute this representation, I don't know that it makes any difference, that it's expensive to arbitrate abroad? I've heard that, too. I think when they're seeking $2 million, a couple of, you know, if it's several $10,000 to Legate and Jordan. So the arbitration, you know, some arbitrations are set up so that the person that wants the money bears the cost, but others are not. Sure. I think in light of the amount at issue, I don't believe arbitration, if they're alleging, you know, several tens of thousands of dollars in order to gain $2 million, would be. No, you're not understanding my question. I'm sorry. Would there be a reason for your client to avoid arbitration because he was going to have to bear a substantial amount of cost, which he doesn't think he owes anything, I guess. I think in defending against a $2 million potential liability, I don't think it would have been too expensive for him to arbitrate in Jordan. Okay, so that wasn't the reason. That was not. So he, for some reason that we don't know about, he may or may not have waived arbitration and gone through with this regular action. And again, I come back to, I don't believe Mr. Harmouche ever manifested any intent to have waived or not be bound by the arbitration. I don't think he made that argument to the district court. See, we were all, we were guessing. Right. With his guesswork. It's speculation. As to why people did what. Sure. I don't believe it's speculation, though. I believe we've submitted evidence that shows that he attempted to raise this arbitration issue in the Iraqi litigation. He didn't choose Iraq. But that's, you don't understand. There's a factual dispute about that. As Judge, my colleague said to you like 15 minutes ago, why don't you just concede that? They say that he didn't raise it. You say he did. Because I don't believe the factual issue is that whether he raised it at all or not. I believe the factual issue is whether he complied with the technical requirements. Do you have a place in the transcript where you say, where you've made a motion to compel? We've never made a motion to compel the arbitration in the first action. We made the motion to compel on the. I'm talking about the Iraqi action. The Iraqi action, the issue was raised as to whether there was arbitration. We've submitted an affidavit from the Iraqi attorney. I don't know that the Iraqi procedure has a procedure where that could have been. I think my understanding of Iraqi procedure is that the issue would have been raised at the hearing. Is a waiver analysis in this case determined under Iraqi law or federal law? I believe that it's determined under federal law in the U.S., not Iraqi law. And that goes to my point of the issue is not whether the technical realities of Iraqi law were met with in raising the arbitration defense. I think the issue is whether under U.S. law and U.S. waiver law that has a heavy, heavy burden on proving waiver of arbitration as to whether Mr. intention to always be bound by the arbitration clause. And as to the third prong of whether there has been a waiver or whether waiver should be recognized as prejudice to the party that's asserting waiver. I'll submit that the prejudice is of their own making. They chose to go to Iraq. Mr. Haramush, once they had started these proceedings, couldn't sit idly by and wait for them to happen on the fear that he would then be accused of waiving arbitration. He had to participate. And the claim that, you know, he litigated this to completion and there was all this information that he now has in defense of this claim, that what wouldn't have been there had he raised arbitration to begin with. The Iraqi proceeding was two months. And if we're looking at the summaries that they themselves have submitted of those hearings, the only thing that was submitted in evidence was the loan agreement and the promissory note and some information about matching up the signatures. So I'm not exactly sure what prejudice they would claim from that. And then. In response to whether or not sufficient discovery was had in the district court, whether to resolve this issue, they had the opportunity. All that was required that the court give them was the opportunity to submit all of the evidence that they wish to. They had the opportunity on opposition and they did take advantage of that opportunity to submit documents that were outside of the pleadings. If there was a waiver, if you are found to have waived it, do you then concede the judgment is enforceable? If we are found to have waived the right to arbitration, yes, I would agree with the court that the judgment would be. Then the case is over. The judgment is enforceable. It is in the discretion of the court because it is a discretionary standard as to whether the judgment would then be enforceable. But there would be no reason for it not to be enforceable. What grounds would the district court at that point have of holding the judgment non-enforceable? Because it is still a judgment obtained contrary to an arbitration provision and contrary to the authority of the court here. But the language in the Maryland statute, contrary to an agreement of the parties, if the agreement was waived, would there be any longer an agreement of the parties? If a provision of the agreement, what I am asking you is, if a provision in the agreement among the parties was waived, would there be any longer an agreement between the parties? And wouldn't the judgment, I'm just trying to say, I think it may all hinge on the question of whether or not there was a waiver. And from your standpoint, if you're found to have waived it, there wouldn't any longer be an agreement of the parties there and the judgment would be enforceable. I would agree with that statement, Your Honor. But would submit that to the extent that they have now tried to backdoor a judgment into the District Court of Maryland that they couldn't get through the front door in the first action. Would caution to recognizing this judgment to begin with. But, you know, nobody's litigated this case ideally. I think it was crazy. I don't know why they signed the agreement to begin with and now say, oh, we didn't realize all the problems. Well, too bad. You should have realized those before you signed the agreement. So that's on them. But there's some things on you, too. And that is that you didn't move for whatever reason, and I can't tell, but you didn't move to compel in the initial Maryland action. Either one of you could have resolved this problem either by not signing a disadvantageous contract or by moving to compel arbitration, which would have strengthened considerably your case against any kind of waiver. If you'd indicated, at least in the Maryland action, that arbitration was something you really wanted to do. And so, you know, there have been some faulty steps on the part of both parties. Agreed. But I will submit that the fact that they have ignored an agreement that not only they entered into, but they drafted. Mr. Harmouche had no involvement in drafting this agreement. They chose the form and they chose the procedure in which disputes would be resolved. Okay. But you would not say that Mr. Harmouche does not have the chance and the opportunity and the right to waive provisions in his favor in the agreement. Surely, you're going to protect all of his waiver rights. Sure, I do. But I don't believe he waived them when he manifested the intent. It does. Okay. Do you have anything further? No, Your Honor, unless there are more questions for me. We have no further questions. Thank you. Thank you. You have some additional time, Ms. Douglas. Thank you, Your Honor. Let me ask you the question. If it's found that there was no waiver, would you then agree that the judgment is unenforceable if there was no waiver of the right? If there was no waiver, it was within the court's discretion. If there was no waiver of the arbitration clause, if it was found, or to be found on remand that there was no waiver of the arbitration clause, she's saying if there is a waiver, the judgment is enforceable. And I would assume you would say that if there's found to be no waiver, that the judgment is within, the district court acted within its discretion in finding the judgment unenforceable. After the district court makes that determination on the facts, with full facts and after discovery, yes, we would agree that it would become unenforceable. So the enforceability or not of the judgment just comes down to the waiver question. Yes, I agree. I think it comes down to the fact that the evidence needs to be weighed here. And at this stage, it should have been weighed in our favor. So I'll follow that up by saying, is this something that can be resolved on an expanded summary judgment motion? Do you feel like you weren't given a proper opportunity to look into the facts surrounding waiver? Absolutely, Your Honor. The evidence that they submitted was not admissible. And I won't go into the details on that. We'll stand on our brief. It wasn't admissible evidence. It was submitted in a reply brief. And we immediately turned around and filed a request for a SIR reply almost on an emergent basis. I was actually in trial at the time. We had just completed our trial. I was about to get on a plane. And we had to put in papers immediately. But you made a motion. You made a motion for additional discovery. We requested it informally. We requested additional discovery. We also put in a Rule 56 affidavit, but only in response to the first motion. In filing our opposition. But it was 56F or whatever. Yes, exactly. I think it used to be F and now it's D. I may be wrong on that. That's the wrong complement. Do you agree with your colleagues' opinion that the analysis would be done under federal law as opposed to Iraqi law? I think it has to take into consideration the Iraqi statute. But yes, I believe that it's a procedural question of whether under U.S. jurisprudence would we find a waiver in those circumstances where he allowed a judgment to be issued before he raised the defense of arbitration. Do you think this matter can be resolved on an expanded summary judgment motion? Is that going to resolve the genuineness of any issue? Obviously, waiver is material. And the question is, an expanded summary judgment record would quite likely reveal, in your judgment, if you're confident in your position, that there's no waiver. Absolutely, Your Honor. But the issue here is that the evidence that they did submit is incomplete. They don't say, we raised it at the hearing on such-and-so date. If they'd said that, then we would still have an issue of fact here, but at least it would be clear. What they said in their statements is that we raised it at some point before the court, and we concede that they raised it before the appellate court. But there is absolutely no evidence, and we've submitted evidence to the contrary, that they ever raised it before the trial court and before judgment. So that's the issue that we need to get to the bottom of. And if the judge is – if the district court is going to – And you're okay with a remand to get to the bottom of it and find it out? As long as we're allowed to do discovery on the basis for those contentions, absolutely. That's what we're looking for. I did want to respond to one other very quick point that my colleague raised. She indicated that he had to defend himself in the Iraqi case, that he had to participate in the litigation. And while I agree with you that's true, that exact point has been raised in some of the cases, including, I believe, Montabueno, where it's important that a party – if they raise arbitration and then that's overruled, if they raise the arbitration defense in subsequent litigation and they're overruled, of course they're allowed to litigate the remainder of that case, and that's not held against them. The key here is that he did raise substantive points. He did raise – he did dispute this case on the merits in the Iraqi trial court proceedings. Well, he said he had no choice if there was, in some way, a motion to compel. Arbitration was raised and it was denied, and then he went again and litigated on the merits. What choice? If that had happened, but that's not what happened, because what we have here is a summary of every hearing that was held, and that's in the record at Appendix 221 to 239, and that outlines – Well, you can discuss that on remand. Right, but my point is simply that during those hearings they outlined what issues he did address, and he did very definitely address both jurisdictional and merits arguments and never raised arbitration. It's not mentioned in any of those. So that would be our concern with the statement that he had to participate in order to defend his rights, even though he wanted to claim arbitration. That clearly is contrary to an intent to enforce his arbitration rights, and that's our position that we agree needs to be resolved in the district court. All right. Thank you, Your Honors. Thank you. We will come down and we'll move into our final case.
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, Henry F. Floyd